terms and effect of such agreement can be ascertained and determined only after a complete review of such evidence."

The deposition of plaintiff has been taken. Counsel for defendants participated in the examination and cross-examined him at considerable length. The matters mentioned in paragraph 1 of the motion papers must have been covered, or should have been covered, in his direct or cross-examination. If not, they can be obtained more satisfactorily through further examination than through the making of a written statement. That part of the motion is denied.

The information asked for in the requested Bill of Particulars could have been obtained, and presumably was obtained, from plaintiff, during his examination, as fully as he was able to furnish it. Plaintiff states that, in order to prepare for trial, it is necessary for him to obtain evidence through the taking of depositions of defendants and others. I agree with his contention that he should not be required to limit his proof through definite statements in a Bill of Particulars until he has knowledge of all available facts. This seems to be in accord with a ruling made in a companion case in the Western District.

I deny the request for a Bill of Particulars without prejudice to renew.

An Order may be presented.

Tenney, Harding, Sherman & Rogers, of Chicago, Ill., for plaintiff.

Rosen, Francis & Cleveland, of Chicago, Ill., for defendant.

BARNES, District Judge.

This matter came on to be heard on the motion of the defendant to retax costs.

The question is as to whether or not the cost and expense of the taking of the deposition of the plaintiff by the defendant should be taxed as costs against the plaintiff, the losing party, and in favor of the defendant.

The rules permit the taking of the deposition and its taking can be said to have been reasonably necessary,—in fact, the court is of the opinion that to have failed to take the deposition would have been negligence. The costs of the taking of the deposition should be taxed against the plaintiff.

An appropriate order may be made at the opening of court on Monday, January 29, 1940, without any other or further notice than this.

---

### SCHMITT v. CONTINENTAL–DIAMOND FIBRE CO.
No. 41394.

District Court, N. D. Illinois, E. D.
Jan. 25, 1940.

### LARSON v. HOLTEN.
No. 19.

District Court, D. Minnesota,
Third Division.

April 4, 1939.